**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 9, 2021

By ECF
The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Lindsay Nash v. U.S. Immigration and Customs Enforcement*, No. 21 Civ. 4288 (JPC)

Dear Judge Cronan:

This Office represents U.S. Immigration and Customs Enforcement ("ICE") in the above-captioned action brought by Plaintiff Lindsay Nash under the Freedom of Information Act ("FOIA"). Pursuant to the Court's Order of June 10, 2021, ECF No. 11, we write respectfully to provide the Court with an update regarding the status of the parties' negotiations.

Plaintiff's FOIA request seeks two categories of documents from ICE: (i) records related to administrative subpoenas (Forms I-138); and (ii) records related to administrative arrest warrants (Forms I-200 and I-205). Regarding the first category—administrative subpoenas—Plaintiff and ICE agreed, on July 2, 2021, that ICE would search the ICE Subpoena System ("ISS") for potentially responsive documents, which ICE estimated would take approximately four weeks to complete. ICE has also begun searching for other potentially responsive administrative subpoena records at ICE headquarters and made a first production of such documents today. ICE intends to continue processing any responsive records upon determining whether such records are responsive. Plaintiff agreed to hold her request regarding individual field offices in abeyance pending the outcome of the previously described searches.

ICE's position is that, once the searches are complete, ICE will be able to commit to a production schedule; ICE is not willing to commit to a production schedule until the searches are complete.

Plaintiff's position is that, given the already lengthy delay in the agency's response, ICE should, at minimum, commit to a deadline for proposing a production schedule to Plaintiff. However, in the interest of resolving matters between the parties, Plaintiff has agreed to the government's request to continue negotiations and provide an update on or before August 11, 2021.

Regarding the second category of records Plaintiff seeks—records reflecting information about administrative arrest warrants—ICE is taking the position that if such records exist, they exist only in ICE's Enforcement Integrated Database ("EID") and could not be obtained without undue burden. Accordingly, at this time, ICE does not intend to search for documents related to administrative arrest warrants. ICE also informed Plaintiff that paper copies of the Forms I-200

and I-205 are stored in individual A-files that are in the custody of U.S. Citizenship and Immigration Services, not ICE.

Plaintiff disputes the adequacy of ICE's search efforts, including ICE's characterization of the search capabilities of EID and the burden associated with production of the requested records. Despite the potentially irresolvable nature of this dispute, the parties are willing to continue to confer to determine whether they may be able to reach a mutually agreeable resolution.

In light of the ongoing nature of the parties' negotiations and ICE's search for records, the parties respectfully request that the Court permit them to submit another joint status letter on or before August 11, 2021, wherein the parties will update the Court on the status of their negotiations, any timeline for production, and any need for a conference.

Respectfully,

AUDREY STRAUSS
United States Attorney
Southern District of New York

By: */s/ Jessica F. Rosenbaum*
Jessica F. Rosenbaum
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2777
E-mail: jessica.rosenbaum@usdoj.gov